# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **TERRENCE MOUTON #503662** | **CASE NO. 6:19-CV-00631 SEC P** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **JEFF LANDRY** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Pro se Petitioner Terrence Mouton filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 13, 2019. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Rayburn Correctional Center ("Rayburn") in Angie, Louisiana. He challenges his conviction and sentence imposed in the Fifteenth Judicial District Court, Vermilion Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

    **I.**    **Background**

Mouton was convicted of three counts of second-degree kidnaping and one count of carjacking on July 16, 2014. He was sentenced to ten years on each count, to run consecutively, for a total of forty years at hard labor, without the benefit of probation, parole or suspension of sentence.

Petitioner appealed his sentence and conviction, raising the following issues: (1) the trial court's imposition of consecutive sentences totaling forty years at hard labor without benefit of probation, parole, or suspension of sentence violates the Eighth Amendment of the Constitution of the United States and La.Const.Art. I, § 20; and (2) trial counsel rendered ineffective assistance of counsel by failing to file a motion to reconsider the sentences to preserve the issue of the excessiveness of the sentences. *See State v. Mouton*, 15-287 (La. App. Cir. 10/715), 175 So.3d 1122. On October 7, 2015, the Third Circuit affirmed petitioner's sentence and conviction under docket number 15-287. *Id*. The Louisiana Supreme Court denied Mouton's writ application on November 29, 2016, under docket number 2015-KH-1984. *State v. Mouton*, 210 So.3d 803 (La. 2016). He did not apply for certiorari in the United States Supreme Court. [Doc. 6, p. 2, ¶ 9(h).]

Petitioner states that he filed an application for post-conviction relief in the trial court, on an unknown date, which was denied on May 7, 2017. *Id*. at ¶11(a)(8). His application for supervisory and/or remedial writs in the Third Circuit was filed thereafter under docket number KH 17-00431, raising the following claims: appellant's conviction and sentence for carjacking and three separate counts of second degree kidnapping constitute double jeopardy; and (2) ineffective assistance of trial counsel for failing to conduct a pre-trial investigation into the facts surrounding the case, which ultimately led to petitioner being subjected to double

2

jeopardy. Doc. 11-1, pp. 14-28. On August 1, 2017, the Third Circuit denied his writ. *Id*. at p. 39.

Petitioner contends, and the exhibits attached to his Amended Complaint appear to confirm, that he attempted to timely mail his application for writ of review on September 1, 2017. *See* Doc. 11-1, p. 32. However, according to Petitioner, he "sent [his] writ to the wrong court on 9-1-17 in which Rayburn didn't mail until 9-23." *Id.* at p. 1. The legal mail log prepared by a Rayburn official establishes that Petitioner initially mailed his writ application to the United States Supreme Court instead of the Louisiana Supreme Court. Doc. 11-1, pp. 36-37. Had Petitioner given his writ to the prison officials for mailing on September 1, 2017, and prison officials failed to mail it to the *correct* court on September 23, 2017, it would have been considered timely pursuant to the mailbox rule. However, according to the mail log, the writ application was not mailed to the Louisiana Supreme Court until November 23, 2017. *Id*. Accordingly, on December 17, 2018, the Louisiana Supreme Court denied the application for writs as untimely, pursuant to La.S.Ct.R. X § 5. *State ex rel. Mouton v. State*, 258 So.3d 601 (La. 2018).

Petitioner filed the instant petition on August 15, 2019, raising the following claims: (1) Petitioner's convictions and sentence for carjacking and three separate counts of second-degree kidnapping constitute double jeopardy; and (2) ineffective assistance of trial counsel for failing to conduct a pre-trial investigation into the facts

3

surrounding the case, which ultimately led to petitioner being subjected to double jeopardy.

## II. Law and Analysis

### 1. *Failure to Exhaust*

*Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts the first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). This jurisprudential mandate has been codified at 28 U.S.C. § 2254(b)(1). Exhaustion entails submitting the factual and legal basis of any claim to the highest available state court for review <u>in a procedurally correct manner</u>. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056 (1983) (emphasis supplied)

When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. See *Castille v.*

*Peoples*, 489 U.S. 346, 351 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989).

Petitioner did not "fairly" present the claims presented herein to the Louisiana Supreme Court, as that Court did not review those claims on the merits. Rather, they denied review on the grounds that his writ application was untimely. Thus, the claims raised herein remain unexhausted because they were not "fairly presented" to the Louisiana Supreme Court.

A ruling from this court at this juncture would preempt the state court from performing its proper function. See *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").

## 2. *Technical Exhaustion and Procedural Default*

Since petitioner failed to fairly present the substance of his federal claims in a procedurally correct manner to the Louisiana Supreme Court, state court remedies remain unexhausted. It appears, however, that these claims, while unexhausted, are to be considered "technically" exhausted since petitioner cannot return to the Louisiana courts to re-litigate these claims.

A petitioner has "technically exhausted" his federal claim if he fails to properly and timely present it to the state courts and is thereafter barred from seeking relief in those courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) *citing*

5

*Coleman v. Thompson*, 501 U.S. 722, 731-33 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995). Therefore, these claims must now be considered procedurally defaulted. See *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993)(cited with approval in *Sones v. Hargett*, 61 F3d 410, 416 (5th Cir. 1995)), ("[I]f it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping- pong' and hold the claim procedurally barred from habeas review").

### a. Cause and Prejudice

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. See *Coleman v. Thompson*, 501 U.S. 722 (1991), "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal habeas...." *Id.* at 735 n. 1.

Federal courts may look beyond the procedural default, but only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Coleman, supra*; *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert. denied*, 537 U.S. 829 (2002).

"Cause" in this context means that "some objective factor external to the defense" prevented the petitioner from complying with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In *Murray v. Carrier*, 477 U.S. 478 (1986), the Supreme Court explained that "cause" in the context of a procedural default refers to an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier*, 477 U.S. at 488 (internal citations omitted).

Petitioner does not allege any external factor that prevented him from complying with the state's procedural rule. Rather, he concedes that he inadvertently mailed his writ application to the wrong court. Moreover, the record does not reflect any action or inaction on the part of the State which prevented him from complying with state procedural rules.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v.*

7

*Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (*citing Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982)). Having failed to show an objective cause for his default, the court need not determine whether prejudice existed. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (cit*ing Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Mouton's claims are therefore procedurally barred from review by this federal court. *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).

### b.  *Fundamental Miscarriage of Justice*

Finally, in order for a habeas corpus petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478 (1986). To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir.1998); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir. 1996), *cert. denied*, 519 U.S. 1017 (1996) *quoting McClesky v. Zant*, 499 U.S. 467, 495 (1993). Petitioner has not shown as a

8

factual matter that he is actually innocent of the crimes of which he was convicted, and thus he will not suffer a fundamental miscarriage of justice from this court's failure to consider his claims. Accordingly, petitioner cannot avoid procedural default.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITH PREJUDICE** because petitioner's claims remain unexhausted and are procedurally barred.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the**

**District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 7th day of February, 2020.

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**